UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SONTAY SMOTHERMAN,

      Plaintiff,

  v.                             Civil Action 2:19-cv-4505
                                 Judge Sarah D. Morrison
                                 Magistrate Judge Chelsey M. Vascura

DENISE ERRETT,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Sontay Smotherman, an Ohio prisoner proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendant, Denise Errett, who was employed with this Court as a court reporter. This matter is before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Smotherman's access-to-courts claim pursuant to § 1915A(b)(1).

### I.    BACKGROUND

Plaintiff Smotherman was a criminal defendant in Case No. 2:12-cr-55 in this Court. Plaintiff's criminal trial took place over February 4–6, 2013. (Case No. 2:12-cr-55, ECF Nos.

206–09.) Plaintiff later requested transcripts of his trial proceedings, which were filed on the docket on November 29, 2018. (Case No. 2:12-cr-55, ECF Nos. 444–46.) Defendant Denise Errett was the court reporter at Plaintiff's criminal trial. (Compl., ECF No. 1.) Smotherman alleges that Errett altered the transcript for his trial to "water down" the opening and closing statements, *voir dire* examination, and jury charge. (*Id.*) Further, Smotherman states the alteration violated his civil rights as protected by 42 U.S.C. § 1983. (*Id.*) Accordingly, he requests a correction of the transcript and monetary damages. (*Id.*)

Plaintiff also filed an "Amended Complaint" on March 6, 2020, in which he states that his criminal trial transcript must also be corrected as to "[j]ury questions answered during deliberation relating to facts not in evidence" and that "[t]he altered transcript(s) resulted in the denial of Sontay Smotherman's rights to post-conviction relief." (ECF No. 25.)

## II.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2

Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal

conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.   ANALYSIS

The undersigned construes Plaintiff's Complaint as seeking to advance claims for interference with his access to courts. The undersigned considers this potential claim below.

As a threshold matter, the undersigned notes that Smotherman's access-to-courts claim is not barred by the doctrine of judicial immunity. In general, the doctrine of judicial immunity protects judicial officers from liability in the course of performing judicial functions. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993). However, the doctrine does not protect all acts by judicial officers; it applies only to the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Id.* at 435–36. Judicial immunity applies to officials other than judges only when their acts are "functional[ly] comparab[le]" to that of judges in exercising similar "discretionary judgment." *Id.* at 436. Court reporters like Errett exercise no discretionary judgment in their acts—they are required to record court proceedings verbatim. *See* 28 U.S.C. § 753(b). They are therefore not immune from liability due to the nondiscretionary nature of their duties, even though the court reporter is "indispensable to the appellate process." *Antoine*, 508 U.S. at 436–37. *Cf. Forrester v. White*, 484 U.S. 219, 228 (1988) (explaining that acts that are "essential to the very functioning of courts" are not immune unless they are judicial acts). It follows that Errett, being sued for her alleged actions as a court reporter, did not exercise the type of discretion necessary to be protected by the doctrine. *See Antoine*, 508 U.S. at 437. *Cf. Malley v. Briggs*, 475 U.S.

335, 342–43 (1986) (police officer's conduct of applying for a warrant deemed "administrative" and not "judicial," hence not entitled to immunity).

Even though Errett is not judicially immune from liability, Smotherman still must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot be frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353, n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Accordingly, in drafting a complaint, a plaintiff must: (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to show actual injury. *Id.* at 415.

Smotherman has met neither of these criteria. His access-to-courts claim relies on conclusory allegations that Errett altered trial transcripts without any accompanying facts

supporting the existence of a resulting injury. *See*, *e.g.*, *Johnson v. Humphrey*, No. 1:18-cv-43, 2018 WL 1151812, at *8 (S.D. Ohio Mar. 5, 2018) (dismissing access-to-courts claim premised upon alleged denial to law library access where inmate alleged only that he missed a required deadline, explaining that such allegations were insufficient to permit the Court to "infer that a nonfrivolous claim has been hampered"); *Rose v. Wayne Cty.*, No. 18-13786, 2019 WL 6112698, at *9 (E.D. Mich. Feb. 20, 2019) (dismissing access-to-courts claim premised upon allegations that transcripts were modified or destroyed, explaining that the plaintiff "has no constitutional right to a perfect transcript," his allegations were conclusory, and he failed to explain how the alleged changes were detrimental to his case) (citing *Hampton v. Segura*, 276 F. App'x 413, 415 (5th Cir. 2008)). "[A]n inmate cannot establish relevant actual injury simply by establishing [their claim] in some theoretical sense." *Lewis*, 518 U.S. at 351. Injury can be taken from theoretical to actual by "go[ing] one step further and demonstrating the [allegations] . . . hindered [the plaintiff's] efforts to pursue a legal claim." *Id.* Smotherman has not taken this step. He has not shown how the alleged transcript alterations by Errett prevented him from pursuing any non-frivolous claim. It is therefore **RECOMMEDED** that the Court **DISMISS** his access-to-courts claim premised upon the alleged alteration of his trial transcript pursuant to § 1915A(b)(1).

## IV.   DISPOSITION

For the reason's set forth above, it is **RECOMMENDED** that the Court **DISMISS** Smotherman's claims pursuant to § 1915A(b)(1). It is further **RECOMMENDED** that Plaintiff's Motion to Amend Complaint (ECF No. 25), Plaintiff's Motion to Appoint Marshal (ECF No. 26), and Plaintiff's Motion to Correct Docket Text Entry (ECF No. 27) be **DENIED AS MOOT**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE