**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

SONTAY SMOTHERMAN,

    Plaintiff,                     :         Case No. 2:19-cv-4505

    -vs-                            Judge Sarah D. Morrison
                                   Magistrate Judge Chelsey M. Vascura

DENISE ERRETT,
                                :

    Defendant.

## OPINION & ORDER

This matter comes before the Court for consideration of an Initial Screen Report and Recommendation (hereafter "R&R") issued by the Magistrate Judge on April 23, 2020 (ECF No. 28), and Plaintiff's Objection thereto (ECF No. 31). In the R&R, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** and **AFFIRMS** the R&R, and **DISMISSES** Plaintiff's Complaint.

### I. BACKGROUND

On October 9, 2019, Plaintiff Sontay Smotherman, proceeding pro se, filed a complaint against former court reporter Denise Errett alleging in total:

> On November 29, 2018, the Court Reporter deliberately altered portions of the transcript for the plaintiffs criminal trial to water down the voir dire examination, opening statements, jury charge, and closing Arguments. The court reporter actions deprived plaintiff of his rights guaranteed by federal law.

(ECF No. 1). He seeks "correction of the altered transcript and monetary damages." (*Id.*). Plaintiff is referring to his criminal trial that took place in this Court February 4–6, 2013, in Case No. 2:12-cr-55 before the Honorable Michael H. Watson.

On April 23, 2020, the Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. § 1915A, and recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. The Court proceeds to consider Plaintiff's arguments.

## II.     ANALYSIS

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge explained in the R&R, to state a claim that a state actor has violated a prisoner's right to access the courts, the plaintiff must allege an "actual injury." (5, ECF No. 28); *see Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Here, Plaintiff's access-to-courts claim relies on conclusory allegations that Ms. Errett altered trial transcripts without any accompanying facts supporting the existence of a resulting injury. That is, Plaintiff has failed to allege how the claimed transcript alterations by Ms. Errett prevented him from pursuing any non-frivolous claim. *See Rose v. Wayne Cty.*, No. 18-13786, 2019 WL 6112698, at *6 (E.D. Mich. Feb. 20, 2019) ("[A]n actual injury to the right [to access the courts] requires a showing that the inmate was hindered [in] his efforts to pursue a legal claim." (internal quotations omitted)).

Plaintiff states in his Objection that the "actual injury has been demonstrated by the dismissal of an otherwise meritorious claim." (3, ECF No. 31). This vague statement sheds no light on Plaintiff's allegation. He also argues that he should be allowed to proceed on his claim

as stated since he is acting pro se. However, the law is quite clear that, although a pro se litigant is entitled to a liberal construction of his pleadings and filings, even a pro se plaintiff must do more than assert bare legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2005).

Accordingly, Plaintiff's Objection is not well taken.

### III.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 31), **ADOPTS** and **AFFIRMS** the R&R (ECF No. 28), and **DISMISSES** Plaintiff's Complaint (ECF No. 1). Plaintiff's Motion to Amend Complaint and Correct Transcript Proceedings (ECF No. 25), Motion to Appoint Marshal (ECF No. 26), and Motion to Correct Docket Text Entry (ECF No. 27) are **DENIED** as moot. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

 /s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE